## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE

_____

|  |  |  |
|---|---|---|
| **LOWELL GERBER, M.D.** | ) | |
| **DANIELLE DUVAL, N.P.** | ) | |
| **Plaintiffs**, | ) | |
| | ) | Civil Action No.: 09-CV-351-JAW |
| v. | ) | |
| **DOWN EAST COMMUNITY HOSPITAL** | ) | |
| **QUORUM HEALTH RESOURCES, LLC** | ) | |
| **WAYNE DODWELL** | ) | |
| **DAVID RIOUX, D.O.** | ) | |
| **WALTER N. PLAUT, JR.** | ) | |
| **Defendants Jointly and Severally.** | ) | |

_____

### PLAINTIFFS' BRIEF REGARDING WORK PRODUCT ISSUES

NOW COME Plaintiffs, through counsel, and file this Brief in response to the Court's February 26, 2010 Report of Telephone Hearing and Order.

During the February 26, 2010 discovery conference, counsel for Defendant Down East Community Hospital (" DECH") questioned the adequacy of a privilege log entry relating to documents evidencing communications between counsel for Plaintiffs' attorney, Chad T. Hansen,  and potential witnesses and the adequacy of privilege log entries relating to documents

evidencing communications between Plaintiffs and potential witnesses.   Defendant's counsel asserted that the three privilege log entries at issue were inadequate insofar as they did not individually disclose each document for which the work product document was asserted, the witness with which the Plaintiff/attorney communicated, the date of the communication, and other information relating to the witness interview that led to the document at issue.

Plaintiffs have responded that the first privilege log entry pertains to documents provided to potential witnesses by Plaintiffs' counsel and received from potential witnesses in the context of Plaintiffs' counsel's investigation of the case.   Plaintiffs also disclose that the documents in question primarily consist of email interviews conducted by Plaintiffs' counsel with potential witnesses but also include multiple paper letters sent to potential witnesses requesting relevant documents and the preservation of documents and a single letter to one witness along with a draft affidavit for the witness to review following Plaintiffs' counsel's conversation with the witness.

Plaintiffs have also responded that the second and third entries which assert work product for documents created by the Plaintiffs in connection with their conversations with potential witnesses do not involve documents produced by the Plaintiffs but rather are limited to electronic documentation created by the Plaintiffs at the time of their conversations with potential witnesses in preparation for litigation that were not shared with the witness in question or anyone else with the exception of Plaintiffs' counsel.

As set out below, the documentation created by Plaintiffs in anticipation of litigation is protected by Rule 26(b)(3).   In addition, the Court has requested that the parties brief the specific issues of whether email chains documenting conversations between Plaintiffs' counsel and potential witnesses are protected work product and whether the more detailed information

requested by Defendant's counsel with respect to the three privilege log entries is, in itself, protected work product.   Each of these issues is addressed  below.

### I.    Documentation created by the Plaintiffs in preparation for litigation is protected by the work product doctrine.

A threshold issue that arose during the discovery conference was whether documentation created by the Plaintiffs (as opposed to Plaintiffs' counsel) is protected by the work product doctrine.  Rule 26(b)(3) is clear that documents created by "a party or the party's representative" are protected by the work product doctrine if the documents are created "in anticipation of litigation".   Courts have also recognized that the work product doctrine protects parties as well as their attorneys.  *Springfield Terminal Ry. Co. v. Department of Transp.*, 754 A.2d 353, 358 (Me. 2000) ("Moreover, it is not just the work of the attorney that is protected. Also protected are documents created by the party or the party's representatives, as long as they are created in anticipation of litigation.  *See* M.R. Civ. P. 26(b)(3)"); *S.D. Warren Co. v. Eastern Elec. Corp.*, 201 F.R.D. 280, 282 (D.Me. 2001)("Pursuant to [Rule 26(b)(3)], it 'is not necessary that a document be prepared by an attorney in order for the immunity to apply.' *Scott Paper Co. v. Ceilcote Co.*, 103 F.R.D. 591, 594 (D.Me.1984).  The operative issue is whether the discovery sought was 'prepared in anticipation of litigation or for trial.' *Id.*") Therefore, documentation created by the Plaintiffs is also entitled to the protection of Rule 26(b)(3) so long as the documentation was created in anticipation of litigation.

As set out above and during the discovery conference, the documentation in question is limited to electronic documentation of conversations with potential witnesses that Plaintiffs Dr. Lowell Gerber and Danielle Duval created after their terminations from DECH and after Plaintiffs retained counsel with respect to their terminations.   Plaintiffs' terminations from DECH were involuntary, unexpected, and traumatic.  Plaintiffs immediately suspected that they

3

had been terminated unlawfully and in breach of their contracts.  Plaintiffs immediately

contacted and retained counsel and immediately began to prepare for the likely possibility that

their terminations would become the subject of a lawsuit in the future.  Documentation created

by Plaintiffs following their termination with respect to their conversations with witnesses was

created in anticipation of litigation and is protected by Rule 26(b)(3).

    **II.**    **Plaintiffs' counsel's use of email to communicate with potential witnesses and investigate the case does not constitute a waiver of the work product doctrine for these protected communications.**

Since being retained to represent the Plaintiffs in this matter, Plaintiffs' counsel has taken

steps to investigate the case and to collect and evaluate available evidence.  Plaintiff's counsel

has spoken with a number of witnesses in person and by telephone.  Also, in those circumstances

where it is most convenient, Plaintiff's counsel has also conducted interviews and conversations

with potential witnesses using email.

Documents in counsel's possession evidencing counsel's discussions with witnesses are

protected by the work product doctrine.  *In re Grand Jury Proceedings,* 473 F.2d 840, 848 (8th

Cir.1973) (holding that attorney's personal recollections, notes and memoranda from interviews

are absolutely protected work product.); *Upjohn Co. v U.S.,* 449 U.S. 383, 399-400 (1981).

("Forcing an attorney to disclose notes and memoranda of witnesses' oral statements is

particularly disfavored because it tends to reveal the attorney's mental processes"). *United States*

*v. University Hospital*, 2007 WL 1665748 at * 1 (S.D.Ohio June 6, 2007) (the court is "not aware

of any case in which a court has permitted opposing counsel to question a witness about any role

that counsel may have had in the evolution of the affidavit, about any communications with

counsel relating to an affidavit, or about prior undisclosed drafts of an affidavit.").

Second, the fact that Plaintiffs' counsel conducted witness interviews via email does not change the fact that documentation of these interviews in counsel's possession is protected. Defendant argues that Plaintiffs waived protection under Rule 26(b)(3) by communicating with potential witnesses in a way that would potentially provide the witness with a separate copy of the email chain.  The fact that an otherwise protected document is sent to a third party does not constitute a waiver of Rule 26(b)(3) protection.  *Ayers Oil Co. v. American Business Brokers, Inc.*, 2009 WL 4725297 (E.D.Mo. 2009)(holding that work product doctrine was not waived when protected email was forwarded to a third party). *United States v. Am. Tel. and Tel. Co.*, 642 F.2d 1285, 1299 (D.C.Cir.1980)(holding that disclosure of a document to a third party "should not suffice in itself for waiver of the work product privilege."). *Peralta v. Cendant Corp.*, 190 F.R.D. 38, 42 (D.Conn.1999); *Morales v. United States*, 1997 WL 223080, at 1 (S.D.N.Y. 1997); *In re Convergent Technologies Second Half 1984 Securities Litigation*, 122 F.R.D. 555, 564 (N.D.Cal. 1988) (holding that disclosure of a protected document to a third party witness did not result in waiver of work product protection and rejecting the defendant's claim that a party should reasonably expect that opposing counsel will obtain a copy of otherwise privileged documentation provided to the witness in question from obtaining it from the witness voluntarily or through subpoena .)  Therefore, documentation of Plaintiffs' email interviews with potential witnesses is protected by the work product doctrine and the fact that these interviews were conducted using email did not result in waiver of this protection.

**III.    The three entries in Plaintiffs' Privilege Log questioned by Defendant are adequate and the additional information requested by Defendant is, in itself, protected work product.**

The three entries at issue provide sufficient information to Defendant regarding the nature of the documents and the basis for the claim of work product protection.  Defendant requests that

Plaintiffs provide a separate entry for each documentation that identifies the witness contacted, the date of the interview, and other additional information about each documentation.   First, as set out in the log, Plaintiffs seek protection for all documentation provided by Plaintiffs' counsel to third party witnesses in the context of Plaintiffs' counsel's efforts to collect evidence in the course of this litigation.   Plaintiffs have also disclosed that the documents at issue are limited to email interviews with third party witnesses[1], letters to third party witnesses seeking information about the case and requesting preservation of documents, and a letter to a third party witness with an enclosed affidavit.   The entries that pertain to the Plaintiffs cover all documentation created by the Plaintiffs in connection with their interviews of witnesses following their termination and in preparation for litigation.   As set out above, all of these documents are clearly covered by the work-product doctrine and the information provided regarding these documents in the privilege log is adequate to establish that the documents are covered.   Second, the information requested by Defendant is, in itself, work product.   In particular, Defendant seeks, through the privilege log, to obtain detailed information about the investigations conducted by Plaintiffs and Plaintiffs' counsel.   In *Lamer v. Williams Communications, LLC*, the U.S. District Court for the Northern District of Oklahoma encountered this same issue.   *Lamer v. Williams Communications, LLC*, 2007 WL 445511 (N.D.Okla. 2007).

The Lamer court denied the opposing party's request for information about the individual documents withheld on the basis of work product, concluding that "even mere disclosure of the names of non-party witnesses plaintiff's counsel has interviewed would represent an invasion of counsel's mental impressions and strategies".  *Id*. at 2.   In support of its decision to deny the

---

[1] As Plaintiffs' counsel mentioned during the discovery conference, Plaintiffs assert that both sides of the email chain (i.e. Plaintiffs' counsel's emails to witnesses and the witnesses' responses to Plaintiffs' counsel's emails) are protected by the work product doctrine.

opposing party's request for a privilege log containing detailed information about conversations

with witnesses, the *Lamer* court cited to *Wright, Miller & Marcus, Federal Practice and*

*Procedure* for the proposition that:

> [A]n interrogatory asking a party to identify all persons
> interviewed would contravene work product. Yet automatic
> disclosure of witness statements would require revelation of the
> identities of all witnesses from whom the attorney decided to take
> a statement, thereby intruding into the heart of attorney trial
> preparation.

*Id.* at 2 citing to *Wright, Miller & Marcus, Federal Practice and Procedure*: *Civil* 2d § 2028, p.

415 (1994).

The *Lamer* court went on to conclude that the opposing party would be entitled to all

relevant and discoverable information obtained from potential witnesses pursuant to Rule

26(a)(1).   *Id.*   As in the *Lamer* case, the Defendant in this case is already entitled to information

regarding all persons "likely to have discoverable information" as well as known contact

information and a summary of the information that each person is likely to have per Rule

26(a)(1).  The additional information requested by Defendant in connection with Plaintiffs'

privilege log would only serve to provide Defendant with the type of information that is

protected by Rule 26(b)(3).

Also, consistent with the conclusion in *Wright, Miller, & Marcus*, a number of courts

have concluded that interrogatories that seek information regarding which persons a party has

interviewed and which persons have provided information to a party calls for information about a

party's and their counsel's mental impressions and trial strategy protected by Rule 26(b)(3). *In re*

*Ashworth, Inc. Securities Litigation*, 213 F.R.D. 385 (S.D.Cal. 2002), *Electronic Data Systems*

*Corp. v. Steingraber*, 2003 WL 21653405 at 2 (E.D.Tex. 2003)( "The Court finds that revealing

the identity of witnesses interviewed would permit opposing counsel to infer which witnesses counsel considers important, thus, revealing mental impressions and trial strategy. Such evaluations and strategies are at the heart of the work product rule.")(*internal citations omitted*).

## IV.   Conclusion

Therefore, for the reasons set out above, documentation created by Plaintiffs and Plaintiffs' counsel in anticipation of litigation is protected by Rule 26(b)(3), Plaintiffs' counsel's use of email to interview third party witnesses did not waive the protections of Rule 26(b)(3) for the emails in the possession of Plaintiffs' counsel, and the additional information requested by Defendant with regard to the three privilege log entries is unnecessary and would, itself, constitute protected work product.

Dated:  March 5, 2010                     */s/* Chad T. Hansen_____
                                          Peter L. Thompson
                                          Chad T. Hansen
                                          Attorneys for Plaintiff

                                          ***Peter Thompson & Associates***
                                          92 Exchange Street, 2nd Floor
                                          Portland, Maine 04101
                                          Phone: (207) 874-0909
                                          Fax:    (207) 874-0343


<u>CERTIFICATE OF SERVICE</u>

I certify that I made service of the foregoing document via electronic mail on all counsel of record on the date below.


DATE:  March 5, 2010                      */s/* Chad T. Hansen_____
                                          Chad T. Hansen